IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hydro-Environmental Products Corporation, d/b/a Nelson Testing Laboratories, an Illinois corporation,<br><br>          Plaintiff,<br><br>v.<br><br>Nelson Testing Services, LLC, an Illinois limited liability company,<br><br>          Defendant. | Civil Action No.  18-cv-07108<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR FEDERAL UNFAIR COMPETITION. TRADEMARK
INFRINGEMENT, DILUTION AND FALSE DESIGNATION OF ORIGIN**

      Plaintiff Hydro-Environmental Products Corporation d/b/a Nelson Testing Laboratories (hereinafter "Plaintiff") by and through its attorneys, Rock, Fusco & Connelly, LLC, for its Complaint against Defendant Nelson Testing Services, LLC ("Defendant"), states:

**PRELIMINARY STATEMENT**

      1.     This is an action for infringement of Plaintiff's famous tradename and word mark, "NELSON TESTING," under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of Illinois state law under the statutory and common laws of the State of Illinois, all arising from the Defendant's unauthorized use of the name NELSON TESTING in connection with the marketing, advertising, promotion, and/or sale of Defendant's laboratory testing services.

      2.     Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed over the past fourteen years in its distinctive NELSON TESTING name, word mark, and logo.

1

Plaintiff's tradename and mark has gained a reputation as being a source of high-quality laboratory testing services.

3. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate has been threatened by Defendant's actions. Defendant has used, and continues to willfully use, its confusingly similar Nelson Testing Services name to sell competing services to many of the same consumers served by Plaintiff. Unless Defendant is enjoined from using its Nelson Testing Services name, such use will cause consumer confusion and will cause irreparable harm to Plaintiff.

4. This action seeks injunctive relief, damages and other appropriate relief arising from Defendant's willful acts of tradename and mark infringement and unfair competition.

## JURISDICTION

5. This is an action for tradename and mark infringement in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125 *et seq.*). This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Defendant's acts of infringement of Plaintiff's name were committed in the Northern District of Illinois, within the jurisdiction of this Court. Defendant has advertised its services under the infringing name in this state and has sold its services within this state and elsewhere under the infringing name.

## VENUE

8. Venue is proper in this district under 8 U.S.C. § 1391(b)(1), in that Defendant resides in this district; 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions

giving rise to the claim occurred in this district; and 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

9. Plaintiff is an Illinois Corporation with its principal place of business located at 717 Industrial Drive, Elmhurst, Illinois 60126. *See* Ex. A.

10. Defendant is an Illinois limited liability company with its principal place of business located at 2256 Southwind Boulevard, Bartlett, Illinois 60103. *See* Ex. B.

## FACTUAL ALLEGATIONS

11. Plaintiff has and continues to utilize the trade name Nelson Testing Laboratories while being engaged in the business of laboratory evaluation of construction product performance, *i.e.* testing services.

12. Plaintiff has utilized the trade name NELSON TESTING since October 2004 and has done so continuously for the previous fourteen (14) years in connection with the laboratory testing field.

13. Plaintiff has maintained a company website with masthead labeled: "Nelson Testing Laboratories" since 2004, and utilizes the web domain name "www.nelsontesting.com." *See* Ex. C.

14. For more than fourteen years, NELSON TESTING has developed a reputation of being the preeminent laboratory for testing services in the construction industry. In that regard, Plaintiff's trade name and brand, NELSON TESTING, has become widely known and famous throughout the United States, represents substantial and valuable goodwill, and is closely-identified with Plaintiff.

15. NELSON TESTING has and continues to protect its valuable tradename and mark from infringement by its competitors.

16. Plaintiff originated as Robert L. Nelson & Associates in 1988.

17. In 2004, the son (Mark Nelson) of the owner of Robert L. Nelson & Associates partnered with an individual by the name of Jeff Krozel to purchase the assets of Robert L. Nelson & Associates to launch Plaintiff, Nelson Testing Laboratories, in 2004.

18. In 2005, Jeff Krozel and Mark Nelson started a second company called Nelson Testing Services, Inc, the two of which were set up for different purposes. Plaintiff Nelson Testing Laboratories was run as an in-house material testing laboratory and Nelson Testing Services, Inc. was run as a field-testing company.

19. Jeff Krozel and Mark Nelson each owned 50% of Nelson Testing Laboratories and Nelson Testing Services, Inc.

20. In 2009, the two owners split. Mr. Krozel took full ownership of Nelson Testing Services, Inc. Mark Nelson took full ownership of Plaintiff, Nelson Testing Laboratories.

21. One of the stipulations in the separation contract was that Mr. Kozel could not use the name Nelson Testing Services, Inc. Accordingly, Mr. Krozel changed his company's name to NTS, Inc., with no issues.

22. On or about October 2017, despite Defendant's knowledge of Plaintiff's famous name and mark, NELSON TESTING, Defendant registered as a limited liability company and began willfully utilizing the confusingly similar name "Nelson Testing Services, LLC" for its construction material testing business. *See* Ex. D.

23. Defendant maintains a company website with a confusingly similar masthead labeled "Nelson Testing" and utilizes the web domain name "www.nelsontest.com." *See* Ex. D.

4

24. Plaintiff was unaware of Defendant's existence until Plaintiff received a check from Ozinga Bros., Inc. ("Ozinga"), on or about April 19, 2018. After inquiring as to the reason for the check, Ozinga told Plaintiff that it mistakenly issued the check to Plaintiff when it was intended to be sent to Defendant. An individual named Elizabeth, from the Accounts Payable Department at Ozinga, told Plaintiff that "the other company had a similar name so the check was issued the [Plaintiff's] vendor number by mistake." A copy of the check is attached as Ex. E. This mistakenly-issued check is one of many instances of third parties in the industry that have confused Plaintiff and Defendant.

25. That same day, April 19, 2018, Plaintiff also mistakenly received an invoice, via email, from Troxler Electronic Laboratories, Inc., although Plaintiff had not purchased anything from Troxlor, nor used Troxler's services. *See* Ex. F.

26. On May 22, 2018, Plaintiff received an email from Molly Hawkins of JP Cullen & Sons, Inc., requesting that Plaintiff respond and inform her as to whether Plaintiff intended to bid on the "Walworth County Health and Human Services Bid." *See* Ex. G. Plaintiff had never solicited JP Cullen or sought to bid on the aforementioned project—*Defendant did*. When Plaintiff spoke with Ms. Hawking via telephone, she explained the mistake was due to the confusingly similar trade name Defendant was using.

27. A fourth instance of consumer confusion between Plaintiff and Defendant occurred most recently in July 2018, whereby Kevin Smith from Calser Calibrations of Saint Jacob, Illinois, came to Plaintiff's office uninvited and unannounced, to see if Plaintiff was interested in having Calser Calibrations perform its laboratory equipment calibrations. Mr. Smith mentioned that he had performed the calibrations on the equipment at Plaintiff's "other location" in Bartlett earlier

5

that week. Plaintiff has no location in Bartlett—*Defendant does*. Plaintiff had to explain to him that the companies are completely separate.

28. On May 23, 2018, Plaintiff through its attorneys, sent a Cease and Desist Letter notifying Defendant of its infringement of Plaintiff's trademark, demanding Defendant cease and desist from its use of "NELSON TESTING," and informing Defendant of pending legal action should it not comply. *See* Ex. H.

29. On June 1, 2018, Defendant's counsel sent an email requesting a two-week extension past the June 6 deadline set in Plaintiff's Cease and Desist Letter. Plaintiff graciously permitted the two-week extension.

30. Despite the extension to resolve the matter, Defendant willfully and vexatiously continues to use Plaintiff's Trademark, necessitating this lawsuit and the relief sought herein.

## COUNT I
### (Willful and Wanton Trademark Infringement in Violation of the Lanham Trademark Act, 15 U.S.C. § 1114)

31. Plaintiff incorporates by reference its allegations of Paragraphs 1-30 as though fully set forth herein.

32. Plaintiff has a protectable tradename and mark because NELSON TESTING is distinct and has acquired a secondary meaning prior to Defendant's use of the name.

33. Specifically, NELSON TESTING does not merely refer to the Nelson surname. Rather, is well known in the industry for field and laboratory testing services.

34. Plaintiff's has used its mark for more than fourteen (14) years. It has acquired a secondary meaning in the field-testing and construction testing industries.

35. Further, to exemplify that the mark NELSON TESTING has become synonymous with Plaintiff alone, third-party clients approached by Defendant often mistake Defendant for Plaintiff. *See* Ex. E, F, and G.

36. The relevant group of buyers in this situation is the testing service industry.

37. Those buyers are likely to confuse the infringer's mark with that of Plaintiff given the nearly identical website mastheads and nearly identical web domains.

38. In fact, confusion is not only likely, it has indeed occurred on numerous occasions.

## COUNT II
### (False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

39. Plaintiff incorporates by reference its allegations of Paragraphs 1-38 as though fully set forth herein..

40. Defendant used a false designation of origin whereby it adopted the identical name of Plaintiff in an attempt to portray the companies as one in the same, or at the very least, as an affiliate of Plaintiff in connection with field-testing services.

41. Defendant used Plaintiff's name to sell and bid its services in an attempt to enter into interstate commerce.

42. Submitting bids only to not follow-up with prospective clients portrays the bidding party in an adverse light within the industry. Where Defendant suggests that it will bid on a project, only to abandon such to the point where the prospective client has to contact Defendant and to inquire as to their interest, and then mistakes Plaintiff and Defendant due to Defendant's use of the name, casts an undesirable shadow on Plaintiff.

43. Plaintiff reasonably believes that it is likely to be damaged as a result thereof.

## COUNT III
### (Trademark Dilution in Violation of the Lanham Trademark Act, 15 U.S.C§ 1125 (c)(1))

44. Plaintiff incorporates by reference its allegations of Paragraphs 1-43 as though fully set forth herein.

45. Plaintiff's name is distinct; no other name close to that of NELSON TESTING is utilized in the commercial testing industry.

46. Plaintiff's name has been exclusively used by Plaintiff since its first use in October 2004, some 13 years before Defendant's inception in 2017. Thereafter, Defendant willfully infringed upon Plaintiff's name and did so after it obtained its famous status.

47. Defendant's use of the name dilutes Plaintiff's tradename as those in the industry, who know and trust Plaintiff, now believe that Plaintiff is somehow affiliated with Defendant.

48. Plaintiff's exclusive right to its tradename is diluted by Defendant's use of the same trade name.

49. Defendant's use of the name is commercial, as Defendant is utilizing it for Defendant's business purposes. *See* Ex. D, E, F, and G.

50. Defendant's use of Plaintiff's trade name poses a substantial threat of irreputable harm as injury to Plaintiff's tradename and reputation is difficult, if not impossible, to calculate.

51. Denying Defendant use of Plaintiff's tradename will not result in any greater harm to Defendant than that already imposed on Plaintiff.

52. It is in the public interest that trade names are protected against infringement and unlawful use.

**(Federal Unfair Competition (15 U.S.C. § 1125(a))**

53. Plaintiff incorporates by reference its allegations of Paragraphs 1-52 as though fully set forth herein.

54. Plaintiff's name and mark is protected under the Lanham Act as it has acquired a secondary meaning from Plaintiff's continuous use.

55. Plaintiff has sold laboratory testing services in United States commerce under the NELSON TESTING name and logo for more than fourteen (14) years. It has used the NELSON TESTING name continuously in United States commerce since that time.

56. Plaintiff has acquired substantial goodwill and numerous industry accreditations at great financial expense over many years.

57. Plaintiff has invested substantial time, effort and financial resources promoting its NELSON TESTING tradename in connection with the marketing and sale of its services in interstate commerce. The NELSON TESTING tradename has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services and its good will. The consuming public recognizes the NELSON TESTING tradename and associates it with Plaintiff.

58. Plaintiff's NELSON TESTING name is inherently distinctive as applied to Plaintiff's services that bear the name.

59. Notwithstanding Plaintiff's established rights in the NELSON TESTING name and logo, on information and belief, defendant adopted and used the confusingly similar tradename Nelson Testing Services and logo in interstate commerce in connection with the sale and offering similar services in the same industry on or about November 2017.

60. Defendant sells its services in the same industry and to the same vendors that deal with Plaintiff. It also owns the www.nelsontest.com domain name and sells its services at the web site connected to that domain name.

61. Without Plaintiff's consent, Defendant has used the Nelson Testing Services name in connection with the sale, offering for sale, distribution or advertising of its services.

62. Defendant has willfully engaged in its infringing activity despite having actual knowledge of Plaintiff's use of the NELSON TESTING name.

63. Defendant's actions are likely to continue to lead the public to conclude, incorrectly, that its services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

64. Upon information and belief, Defendant has advertised and offered its services for sale using Nelson Testing's name with the intention of misleading, deceiving or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill.

65. Plaintiff has requested in writing that Defendant cease and desist from its infringing actions but Defendant has failed to comply. Plaintiff's letter to Defendant is attached as hereto Exhibit H.

66. Defendant's unauthorized use of its Nelson Testing Services name and logo in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a) and is likely to cause consumer confusion, mistake, or deception.

67. Defendant's unauthorized marketing and sale of its products in interstate commerce using its Nelson Testing Services name constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or

connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

68. As a direct and proximate result of Defendant's infringement and acts of unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits and goodwill.

69. Defendant's infringement and acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

70. Any harm Defendant may suffer should it be enjoined from using Plaintiff's tradename is greatly outweighed by the damage Plaintiff has and will continue to suffer as a result of Defendant's infringement.

## COUNT V
### (Illinois Unfair Competition, Illinois Uniform Deceptive Practices Act 815 ILCS § 510/1, *et seq.*)

71. Plaintiff incorporates by reference its allegations of Paragraphs 1-70 as though fully set forth herein.

72. Defendant's actions constitute unfair competition under the Illinois Uniform Deceptive Practices Act 815 ILCS § 510/1, *et seq.*

73. Plaintiff has sold laboratory testing services in Illinois commerce under the NELSON TESTING name and logo for more than fourteen (14) years. Plaintiff has used the NELSON TESTING name continuously in Illinois commerce since that time.

74. Plaintiff has acquired substantial goodwill and numerous industry accreditations at great financial expense over many years.

75. Defendant's unauthorized use of the Nelson Testing Services name in interstate commerce as described above constitutes unfair competition under 815 ILCS § 510/1 *et seq.* and is likely to cause consumer confusion, mistake, or deception.

76. Defendant's unauthorized marketing and sale of its products in interstate commerce using its Nelson Testing Services tradename and mark constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in violation of 815 ILCS § 510/2.

77. As a direct and proximate result of Defendant's tradename infringement and acts of unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendant has and will continue to unfairly acquire income, profits and goodwill.

78. Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for the damages caused thereby.

79. Any harm Defendant may suffer should it be enjoined from using Plaintiff's tradename is greatly outweighed by the damage Plaintiff has and will continue to suffer as a result of Defendant's infringement.

## COUNT VI
### (Illinois Anti-Dilution Act, 765 ILCS 1036/65)

80. Plaintiff incorporates by reference its allegations of Paragraphs 1-79 as though fully set forth herein.

81. Plaintiff's Tradename and mark was famous and well known throughout the United States.

82. Plaintiff's Tradename and mark was continually utilized and visible to consumers in Illinois and throughout the United States, in Plaintiff's online marketing materials. *See* Ex. C.

83. Defendant's use of "Nelson Testing" on its online marketing materials is unquestionable. *See* Ex. D.

84. Defendant's misuse of Plaintiff's name benefitted Defendant's business at the expense of Plaintiff's as third-party clients have repeatedly mistaken Plaintiff for Defendant and vice versa.

## **PRAYER FOR RELIEF ON ALLEGATIONS**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendant, and further order the following relief:

a) Enter a judgment that Plaintiff's Nelson Testing trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

b) Enter a judgment that Defendant's use of its Nelson Testing Services trademark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

c) Enter a judgment that Defendant's use of its Nelson Testing Services trademark violates the Illinois Anti-Dilution Act in violation of 765 Ill. Comp. Stat. 1036/65;

d) Enter a judgment that Defendant's use of its Nelson Testing Services trademark violates Illinois common law trademark infringement and common law unfair competition laws;

e) Permanently enjoin and restrain the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using "Nelson Testing Services," with or without its accompanying logo, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's mark;

f) Pursuant to 15 U.S.C. § 1116(a), direct Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report

in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

g) Pursuant to 15 U.S.C. § 1118, require that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

h) Pursuant to 15 U.S.C. § 1119, enjoin the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for Defendant's NELSON TESTING SERVICES name or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiff's Mark;

i) Order Defendant to transfer the www.nelsontest.com domain name to Plaintiff;

j) Award Plaintiff all damages it sustained as the result of Defendant's acts of willful infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

k) Award to Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

l) Award treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendant's conduct was willful within the meaning of the Lanham Act;

m) Award Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions; and

n) Enter a preliminary injunction against Defendant pursuant to 765 ILCS 1036/65 prohibiting its use of the "Nelson Testing" name and likeness in the operation of its business;

o) Grant Plaintiff such other and further relief as the Court may deem just.

Dated: October 23, 2018                    Respectfully submitted,

                                          HYDRO-ENVIRONMENTAL
                                          PRODUCTS CORPORATION D/B/A
                                          NELSON TESTING LABORATORIES


                                          By:   */s/ Joseph T. Baratta*
                                                  One of Its Attorneys

Matthew P. Connelly
Patrick W. Chinnery
Joseph T. Baratta
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
Attorneys for Plaintiff